UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                No. 1:18-cr-167-1

    v.                                    Hon. Paul L. Maloney
                                            U.S. District Judge

HOWARD ANTHONY MAYFIELD,

        Defendant.
_____/

**GOVERNMENT'S SENTENCING MEMORANDUM AND
MOTION TO DISMISS § 851 NOTICE OF PRIOR FELONY CONVICTION**

The United States of America, by and through its attorneys, Andrew Byerly Birge, United States Attorney for the Western District of Michigan, and Kate Zell and Daniel McGraw, Assistant United States Attorneys, respectfully submits the following memorandum concerning its sentencing position in this case. Defendant Howard Mayfield has an extensive history of drug trafficking, including a prior federal conviction for possession with intent to distribute crack cocaine. The defendant was not deterred from the trade even after spending approximately eight years in federal prison. Given the seriousness of his offense and his repeated drug trafficking activity, the government asks the Court to impose a sentence within the guidelines range.

    **I.**    **Background**

The defendant received his first drug conviction from a state court in 1988, at the age of 21—attempted possession with intent to deliver cocaine. (R.8580: Final

1

Presentence Report ("PSR"), ¶ 153, PageID.8580). Less than two years later, the defendant was convicted in state court, again, of possession with intent to deliver less than 50 grams of cocaine. (*Id.*, ¶ 157, PageID.8582). The defendant was initially sentenced to 24 months' probation for that offense, but his probation was revoked and he was sentenced to a term of 3 to 20 years in prison. (*Id.*). At the age of 24 the defendant was convicted in state court of attempted possession of cocaine, less than 25 grams. (*Id.*, ¶ 158, PageID.8583). The defendant then had two state court marijuana convictions in his early thirties, *Id.*, ¶ 166, 167, PageID.8586).

In 2004, at the age of 37, the defendant was convicted in the Western District of Michigan of possession with intent to distribute five grams or more of crack cocaine. (*Id.*, ¶ 171, PageID.8588). The defendant spent approximately seven years in the Bureau of Prisons for that conviction. (*Id.*). Within two years of his release from prison, the defendant violated the terms of his Supervised Release and was ordered to serve six months in a Residential Reentry Center on account of new criminal activity, failure to report police contact, and marijuana use. (*Id.*, PageID8588–8589). Then, on January 2, 2014, the court revoked the defendant's term of Supervised Release and sentenced him to 12 months and one day in custody, with no supervision to follow. (*Id.*). In 2017, just a couple years after his release from BOP on the revocation sentence, the defendant connected with codefendant Wilbert Gentry—who the defendant had met while in BOP—and the two agreed to go into the cocaine business together.

In addition to the facts summarized in the PSR, details of the defendant's extensive cocaine trafficking in the Grand Rapids area may be found in the criminal complaint originally filed against Mayfield and 14 codefendants in case number 18-mj-1512.

On June 20, 2019, the defendant entered a guilty plea pursuant to a plea agreement in which he agreed to cooperate with the government. (R.702: Plea Agreement, PageID.3707–3732). This Court adopted the Report and Recommendation and adjudicated the defendant guilty on July 16, 2019. (R.1096: PSR, ¶ 8, PageID.8517).

## II. Government's Motion to Dismiss § 851 Notice and Decision Respecting U.S.S.G. § 5K1.1

Due to the defendant's cooperation, the government agreed to move to dismiss the amended information and notice of prior felony conviction that was filed pursuant to 18 U.S.C. § 851. (R.490: Amend. Info. and Not. of Prior Felony Drug Conviction, PageID.1559–1560). Accordingly, the government moves the court to dismiss the § 851 Notice, which would have increased the defendant's mandatory minimum prison term from 10 to 20 years, increased the mandatory minimum term of Supervised Release from 5 years to ten years, and increased the maximum fine from $10,000,000 to $20,000,000. (The PSR reflects the maximum and mandatory minimum penalties without the § 851 enhancements).[1]

---

[1] The maximum fine stated in the PSR, $10,000, appears to be a typo; the maximum fine for the offense is $10,000. (R.1096: PSR, ¶¶ 225, 227).

3

Also pursuant to the plea agreement, the government agreed to decide whether to file a motion for departure or reduction of sentence pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The government has considered this issue at length. Although the defendant participated in proffer meetings and provided useful information about several codefendants, following the defendant's guilty plea he engaged in conduct inconsistent with cooperation, which significantly undermined his ability to provide substantial assistance to the government. Based on the factors set forth in U.S.S.G. § 5K1.1, the government does not believe that the defendant provided substantial assistance warranting a downward departure. As such, the government is not filing a motion pursuant to § 5K1.1.

### III. Sentencing Guidelines

There are no objections to the guidelines calculations in the PSR. The defendant is being held responsible for 131 kilograms of cocaine, which falls within the Level 34 range of the Drug Quantity Table in U.S.S.G. § 2D1.1(c), of 50 kilograms to 150 kilograms. The defendant's drug trafficking organization was involved with at least 19 kilograms of cocaine during the final two months of its operation, from March 13, 2018 through May 24, 2018, while law enforcement was intercepting the defendant's phones: (a) 8 kilograms seized from codefendant Elsie Boston on March 13, 2018; (b) 5 kilograms the defendant got from codefendant Wilbert Gentry in Houston between April 4–6, 2018 (c) and 6 kilograms of cocaine the defendant got from codefendant Craig James). (R.1096: PSR, ¶ 99, PageID.8569). Additionally, the defendant was receiving cocaine from Wilbert Gentry on a regular basis since

approximately April 2017, in quantities of 5 to 8 kilograms at a time. (R.702: Plea Agreement, PageID.3711). (*Id.*). And on one occasion, the defendant got at least 15 kilograms of cocaine from Gentry. (*Id.*).

The defendant received a 2-level increase in offense level for maintaining a premises for manufacturing or distributing controlled substances. (R.1096: PSR, ¶ 140, PageID.8579). As noted in the PSR, the defendant used the apartment of his daughter, Shamekia Liptrot, as a stash house for his cocaine and his drug proceeds. The PSR identifies 33 instances when Mayfield made trips to his stash house (*i.e.*, Liptrot's residence), as determined through various investigatory methods including GPS phone pings, GPS tracker data from Mayfield's vehicle, helicopter surveillance, physical surveillance, and intercepted communications (*Id.*, PageID.8525–8555).

Mayfield also received a 4-level increase in offense level for his role as the organizer and leader of his drug trafficking organization, which involved five or more participants. (*Id.*, ¶ 142, PageID.8579). Indeed, Mayfield was the leader of a drug trafficking organization that involved dozens of members in Michigan, as well as numerous people in Texas (and one in Ohio). The defendant used several people to ensure the success of his operation, including his daughter, Shamekia Liptrot, whose apartment he used to store drugs and proceeds, and he used multiple girlfriends—Jennifer Tadeo, Monica Laster, and Nicole Starr—who accompanied the defendant on trips to pick up cocaine, among other activities.

With these adjustments, as well as reductions for acceptance of responsibility, the defendant's Total Offense Level is 37. (*Id.*, ¶ 148, PageID.8579). Combined with

a Criminal History Category of IV, the defendant's guidelines range of imprisonment is 292 to 365 months. (*Id.*, ¶ 216, PageID.8602).

### IV. 18 U.S.C. § 3553(a) Sentencing Factors

In addition to determining the proper advisory guidelines range, the Court must also consider the sentencing factors under 18 U.S.C. § 3553(a) when imposing and explaining its sentence. *United States v. Hall*, 632 F.3d 331, 335 (6th Cir. 2011) (citing *United States v. Alexander*, 543 F.3d 819, 822 (6th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007))). The Court must impose a sentence that is sufficient, but not greater than necessary, to comply with the aims of sentencing as set forth in 18 U.S.C. § 3553(a).

Within a short time following his release from prison for his prior federal cocaine trafficking conviction and subsequent supervised release violations, the defendant began receiving and distributing large amounts of cocaine in the Grand Rapids area. The defendant's offense is serious—he brought dozens and dozens of kilograms of cocaine into the Grand Rapids area, contributing to the devastation drugs inflict on the community. The guidelines range adequately reflects the seriousness of the offense and the significant quantity of cocaine the defendant distributed.

As mentioned above, the defendant has been involved with criminal drug trafficking activity for much of his adult life. Additionally, the evidence in this case indicates that he incorporated others, such as his daughter and his girlfriends, into

drug trafficking. The defendant's criminal background and activity merit a serious consequence.

Likewise, specific deterrence and the need to protect the public from further crimes of the defendants are important sentencing factors here. The defendant has not been deterred from drug trafficking notwithstanding a lengthy prior term in the Bureau of Prisons and revocations of Supervised Release. His recidivist history calls for a serious sentence to deter him from future criminal activity.

## CONCLUSION

For the above-stated reasons, the government respectfully recommends that the Court deny the defendant's motion for a downward variance and impose a sentence that is within the guidelines range.

                                            Respectfully submitted,

                                            ANDREW BYERLY BIRGE
                                            United States Attorney

Dated: February 6, 2020            */s/ Kate Zell*
                                            KATE ZELL
                                            DANIEL T. MCGRAW
                                            Assistant United States Attorneys
                                            P.O. Box 208
                                            Grand Rapids, Michigan 49501
                                            (616) 456-2404